UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 21-62458-CIV-ALTMAN/HUNT

ZHUJITOP HARDWARE TOOLS CO., LTD.,

        Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

        Defendants.
_____/

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

THIS CAUSE comes before this Court on a Motion for Preliminary Injunction by Plaintiff Zhujitop Hardware Tools Co., Ltd., ECF No. 6, against Defendants,[1] pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a). The Honorable Roy K. Altman, United States District Judge, referred the Motion for the Preliminary Injunction to the undersigned. ECF No. 17; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. The undersigned has carefully reviewed the pleadings, the record in this case, the applicable law and is otherwise fully advised in the premises.

The undersigned held a hearing on January 28, 2022, at which counsel for Plaintiff and Defendants Zhushan, Preciva US, and Qinbao were present. For the reasons more fully discussed below, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Preliminary Injunction, ECF No. 6, be DENIED.

---

[1] Defendants are the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A".

## LEGAL STANDARD

Plaintiff seeks injunctive relief pursuant to 35 U.S.C. § 283, where the Patent Act authorizes courts to issue such relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."  "In considering whether to grant a preliminary injunction, a court must consider whether the patent owner has shown: (1) a reasonable likelihood of success on the merits; (2) the prospect of irreparable harm to the patent owner; (3) the balance of hardships tips in its favor; and (4) granting the injunction would not adversely affect the public interest." *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1308 (W.D. Wash. 2006) (quoting *Pfizer, Inc. v. Teva Pharms., USA, Inc.*, 429 F.3d 1364, 1372 (Fed. Cir. 2005); *see also Edge Sys. LLC v. Aguila*, No. 14-24517-CIV-MCALILEY, 2015 WL 12868177, at *7 (S.D. Fla. Jan. 29, 2015).  "A preliminary injunction is a drastic and extraordinary remedy that is not to be routinely granted." *Tiber Lab'ys, LLC v. Hawthorn Pharms., Inc.*, 527 F. Supp. 2d 1373, 1378 (N.D. Ga. 2007) (internal quotation and citations omitted).

## DISCUSSION

Plaintiff on December 7, 2021, filed this patent infringement suit and immediately thereafter filed an *ex parte* motion requesting both a temporary restraining order and preliminary injunction, as well as expedited discovery and an order restraining Defendants from transferring assets.  The District Court on December 13, 2021, granted the *ex parte* motion for a temporary restraining order and set the request for a preliminary injunction for a hearing.  That hearing took place on January 11, 2022, at which time the Court referred the Motion to the undersigned.  ECF No. 17. That referral took place in large part

due to a response by Defendants Zhushan, Preciva US, and Qinbao, filed January 9, 2022, which lodged multiple objections to Plaintiff's request for an injunction. ECF No. 15.

In their response, the Defendants made two main arguments. First, Defendants argue that the patent in question was invalid for myriad reasons. Second, Defendants argue that there is no imminent harm justifying a preliminary injunction, because Plaintiff previously failed to pursue a prior claim against Defendants on the same matter.

The undersigned will address the second issue first, as it is outcome determinative. "To establish irreparable harm, *the movant must show that the injury is immediate* and is not compensable by monetary damages." *Tiber Lab'ys*, 527 F. Supp. 2d at 1381 (emphasis added). Defendants point out that Plaintiff previously filed what amounts to the same complaint against the same Defendants on June 4, 2021, citing *Zhujitop Hardware Tools Co., Ltd. v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 21-61174-CIV-RUIZ (S.D. Fla Aug. 11, 2021).

An examination of the docket in that case confirms these alleged similarities to the instant case. Judge Rodolfo A. Ruiz on September 3, 2021, dismissed the case due to Plaintiff's failure to file a Motion for Default Judgment within ten days of the Clerk's Entry of Default. *Id.* at ECF Nos. 34, 39. Plaintiff appears to have on November 26, 2021, belatedly filed a Motion for Default Judgment against the three Defendants whom it now seeks to enjoin with the instant motion, but Judge Ruiz struck that motion due to the case's prior dismissal.

These similarities appear to doom Plaintiff's request for a preliminary injunction, as

"dilatory pre-litigation conduct can preclude a finding of irreparable harm." *Tiber Lab'ys*, 527 F. Supp. 2d at 1379. Plaintiff already had an injunction against Defendants in place in the previous case, *Zhujitop*, No. 21-61174-CIV-RUIZ at ECF No. 25, but failed to follow the basic steps needed to preserve the protections it now claims are necessary to prevent imminent irreparable harm. Indeed, even in this case, Plaintiff allowed the previously granted temporary restraining order to lapse several days prior to the preliminary injunction hearing before the undersigned. Such failures belie Plaintiff's current claims of urgency.

Given that the "failure to demonstrate irreparable injury alone precludes an award of preliminary injunctive relief," *Tiber Lab'ys*, 527 F. Supp. 2d at 1378, the undersigned need not address Defendants' additional arguments. Plaintiff's Motion for a Preliminary Injunction should be DENIED.[2]

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully RECOMMENDS that the Motion for Preliminary Injunction by Plaintiff Zhujitop Hardware Tools Co., Ltd., ECF No. 6, be DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely

---

[2] It is this Court's understanding that the only issue before it is the issuance of a preliminary injunction. However, to the extent that anything from the previous order on the TRO, ECF No. 7, has lapsed, the undersigned recommends it not be renewed for the reasons stated herein.

4

object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** at Fort Lauderdale, Florida this 18th day of February, 2022.

_____
**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Roy K. Altman
All Counsel of Record