UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-62458-CIV-ALTMAN/Hunt

ZHIJITOP HARDWARE TOOLS., LTD.,

    *Plaintiff*,

v.

THE INVIDIUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A, *et al.*,

    *Defendants*.
_____/

## ORDER

Magistrate Judge Patrick M. Hunt has submitted a Report and Recommendation [ECF No. 30] (the "R&R"), in which he suggests that the Court deny the Plaintiff's Ex Parte Motion for the Entry of a Preliminary Injunction [ECF No. 6] (the "Motion"). Specifically, Magistrate Judge Hunt has found that the Plaintiff's previous failure to pursue a claim in a different case against the same Defendants, *see Zhujitop Hardware Tools Co., Ltd. v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 21-61174-CIV-RUIZ (S.D. Fla Aug. 11, 2021), "doom[s] Plaintiff's request for a preliminary injunction" in this case, *see* R&R at 3–4.

Magistrate Judge Hunt has also advised the parties as follows:

> Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985)."

*Id.* at 4–5. No party has objected to the R&R, and 14 days have passed. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. *See* FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*, advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress intended to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

"To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). We have reviewed the R&R, the Motion, the record, and the governing law, and we can find no clear error on the face of the R&R.

Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 30] is **ACCEPTED and ADOPTED**.
2. The Plaintiff's Ex Parte Motion for the Entry of a Preliminary Injunction [ECF No. 6] (the "Motion") is **DENIED without prejudice**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 11th day of April 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record